UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIE ROBINSON-McLAUGHLIN, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DENIS MCDONOUGH, SECRETARY OF ) <br> DEPARTMENT OF VETERANS AFFAIRS ) <br> ) <br>    Defendant. ) | Civil Case No. 21-cv-30123-KAR |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION TO AVOID DISMISSAL PURSUANT TO LOCAL RULE 41.1
(Dkt. No. 9)

ROBERTSON, U.S.M.J.

On December 29, 2021, plaintiff Marie Robinson-McLaughlin ("Plaintiff"), representing herself, filed a complaint alleging that her employer, Denis McDonough, the Secretary of the U.S. Department of Veterans Affairs ("Defendant"), engaged in discrimination (Dkt. No. 1; Dkt. No. 10 ¶¶ 1, 2). On February 23, 2024, the Clerk issued a notice of dismissal for want of prosecution pursuant to L.R., D. Mass. 41.1(a) (Dkt. No. 5). Before the court is Plaintiff's motion to avoid dismissal pursuant to L.R., D. Mass. 41.1(a)(3) (Dkt. No. 9) ("Plaintiff's Motion"). For the reasons that follow, Plaintiff's Motion is GRANTED.

    I.    <u>Allegations in the Complaint</u>

Plaintiff was employed as the Associate Director of Nursing Patient Care Services at the Western Massachusetts Veterans Administration facility in Leeds from 2014 to 2021 (Dkt No 10 ¶ 1; Dkt. No. 10-1 ¶ 3). Unlike similarly situated white employees, Plaintiff, who is African-American, never received required locality pay study adjustments or a secretary (Dkt. No. 10 ¶ 2; Dkt. No. 10-1 ¶¶ 1, 4). Plaintiff repeatedly expressed concerns about her lack of a pay study and

1

a secretary (Dkt. No. 10 ¶ 2; Dkt. No. 10-1 ¶ 6) and claims the differences in treatment were because of her race (Dkt. No. 10 ¶ 3; Dkt. No. 10-1 ¶ 5).

II.     Relevant Procedural Background

Plaintiff retained counsel in Maryland and filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on August 28, 2020 (Dkt. No. 10 ¶ 4; Dkt. No. 10-1 ¶ 7). On August 18, 2021, Plaintiff withdrew her request for an EEOC hearing on the advice of counsel (Dkt. No. 10 ¶ 5; Dkt. No. 10-1 ¶ 8). Representing herself, she filed her complaint against Defendant in this court on December 29, 2021 (Dkt. No. 10 ¶ 5; Dkt. No. 10-1 ¶ 8).

Plaintiff paid the filing fee on April 15, 2022, and was issued a summons for Defendant on that date (Dkt. No. 3, 4; Dkt. No. 10 ¶ 6). According to her affidavit filed in support of her motion, she believed that court would contact her about next steps and so took no further action (Dkt. No. 10-1 ¶ 9). Plaintiff thought she was in compliance with the rules of the court (Dkt. No. 10 ¶ 6; Dkt. No. 10-1 ¶ 9).

On February 23, 2024, the Clerk issued a notice of dismissal for want of prosecution pursuant to L.R., D. Mass. 41.1(a) (Dkt. No. 5; Dkt. No. 10 ¶ 7). The notice prompted Plaintiff to retain counsel, who filed a motion to avoid dismissal pursuant to L.R., D. Mass. 41.1(a)(3) twenty-eight days after the Clerk issued the notice of dismissal (Dkt. No 9; Dkt. No. 10-1 ¶ 10). On April 12, 2024, Plaintiff filed an amended complaint accompanied by an affidavit indicating that Defendant was served on March 22, 2024 (Dkt. Nos. 11, 12).

III.    Discussion

Under Local Rule 41.1(a)(1) "[w]henever . . . no proceeding has been docketed . . . for a period of one year, the clerk shall then serve notice to all persons who have entered an appearance in [the] case that, subject to the provisions of subsection (a)(3), the case will be

2

dismissed without further notice 28 days after the sending of notice." L.R., D. Mass. 41(a)(1). However, "[a] case shall not be dismissed for lack of prosecution if within 28 days of the serving of notice an explanation for the lack of proceedings is filed and the judicial officer to whom the case is assigned orders that it not be dismissed." L.R., D. Mass. 41.1(a)(3). *See also Karle v. Capital One Bank,* No. 14-CV-30062-LTS, 2016 WL 8118178, *3 (D. Mass. Dec. 16, 2016) ("Local Rule 41.1 permits the Court to sua sponte issue an order to show cause where a plaintiff has ceased participating in a matter, and provides that the failure to respond to the order to show cause 'shall be grounds for the dismissal of the action.'") (quoting L.R., D. Mass. 41.1(b)).

The court's authority to dismiss a case for lack of prosecution is considered an "'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (citation omitted). However, in view of the policy "favoring the disposition of cases on their merits," the "harsh sanction" of dismissal for want of prosecution or delay is disfavored by the courts in the absence of aggravating circumstances. *Richman v. Gen. Motors Corp.,* 437 F.2d 196, 199 (1st Cir. 1971). *See Enlace Mercantil Internacional v Senior Indus., Inc.,* 848 F.2d 315, 317 (1st Cir. 1988); *V.L.T. Inc., v. Lucent Techs Inc.*, CIVIL ACTION No. 00-11049-PBS, CIVIL ACTION No. 01-10238-PBS, 2007 WL 9797626, *3 (D. Mass. Jan. 3, 2007) ("[T]he First Circuit has 'developed . . . independent limitations on the use of dismissal as a penalty for delay.' . . . [D]ismissal should only occur when the misconduct is 'extreme . . . .'") (citation omitted). Aggravating circumstances include "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." *Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir. 1987). In addition, the court considers "the

history of the litigation, . . . the nature of the underlying claims, the possible prejudice to the defendants and the presence of an adequate excuse for a plaintiff's inaction." *Tyree v. Fair,* Nos. 92-1742, 92-1743, 92-1744, 92-1745, 92-1746, 1993 WL 88958, at *3 (1st Cir. 1993) (per curiam) (unpublished).

While Plaintiff's almost two-year delay in serving Defendant could be considered an "extremely protracted inaction (measured in years)," *Cosme Nieves*, 826 F.2d at 2, in light of the other factors that should be considered, this delay alone does not justify dismissal. *See Richman*, 437 F.2d at 199 (reversing dismissal when a nineteen-month delay was the only factor contributing to want of prosecution); *V.L.T. Inc.,* 2007 WL 9797626, at *3 ("Delay alone will typically not justify dismissal without an aggravating factor."). Plaintiff did not fail to obey the court's orders or ignore prior warnings about possible dismissal. The court docket entry accompanying the summons did not provide her with guidance. *See Cosme Nieves*, 826 F.2d at 2. Furthermore, on receiving the Clerk's notice of dismissal, Plaintiff retained counsel who filed a timely response (Dkt. No. 5; Dkt. No. 9; Dkt. No. 10-1 ¶ 10). *See* L.R., D. Mass. 41.1(a)(3). Because Defendant was a party to the administrative EEOC proceedings prior to the suit being filed, Defendant is reasonably on notice of Plaintiff's allegations and will not be unduly prejudiced if the case moves forward on the merits (Dkt. No. 10-1 ¶ 7). *See Enlace Mercantil Internacional*, *Inc.,* 848 F.2d at 317-18 (while plaintiff took eighteen months to serve process, dismissal constituted an abuse of discretion where there was no prejudice to the defendant). *Compare Tyree*, 1993 WL 88958, at *3 (upholding dismissal of plaintiff's case under Local Rule 41.1 where plaintiff's failure to advance his case likely prejudiced defendants).

Here, Plaintiff's explanation for the delay in serving the summons on Defendant – her pro se status and lack of familiarity with the federal court's rules – is sufficient to avoid dismissal for

lack of prosecution and establishes good cause for the delay in service (Dkt. No. 10-1 ¶ 9).  See *Pomales v. Celulares Telefonica,* 342 F.3d 44, 49 (1st Cir. 2003) (where the unrepresented plaintiff did not understand the risks of delay, dismissal due to a four month delay was not appropriate because the plaintiff "diligently prosecuted" her case for more than a year before she discharged counsel and "reacted quickly and diligently" to the dismissal notice); *Haupt ex rel. Mainini v. Colvin,* Civ. Action No. 16-10251-PBS, 2017 WL 1227920, at *1 (D. Mass. Mar. 31, 2017) (finding dismissal inappropriate because the pro se plaintiff was "unfamiliar with federal court litigation.").

> Good cause may exist to justify extending the time for service if:
>
> "plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis."

*Martello v. United States,* 133 F. Supp. 3d 338, 344-45 (D. Mass. 2015) (quoting *McIsaac v. Ford,* 193 F. Supp. 2d 382, 383 (D. Mass. 2002)).  "If the plaintiff has met [her] burden of establishing 'good cause' for the untimely service, the court must extend the time for service." *Id.* at 344 (citing *United States v. Tobins,* 483 F. Supp. 2d 68, 77 (D. Mass. 2007)); *see* Fed. R. Civ. P. 4(m).  If good cause is not established "the court has the discretion to dismiss without prejudice or to extend the time period." *Martello,* 133 F. Supp. 3d at 344; *see Radfar v. Crowley*, 568 F. Supp. 3d 113, 116 (D. Mass. 2021) ("Even absent a showing of good cause, courts have discretion under Rule 4(m) to extend the time for service.").

Plaintiff's status as a pro se litigant constitutes good cause for her delay in serving the summons on Defendant (Dkt. No. 10-1 ¶ 9).  *See Martello*, 133 F. Supp. 3d at 344–45.  Even if Plaintiff's pro se status did not constitute good cause for the delay (it does), an extension of time

for service is appropriate considering that Defendant had "'actual notice'" of the lawsuit due to the EEOC complaint and will not be unduly prejudiced if the case remains active.  *Radfar,* 568 F. Supp. 3d at 116 (citation omitted).  In contrast, Plaintiff may suffer prejudice if the case is dismissed after the statute of limitations on her claims has expired.  *See id.* (quoting *United States v. Lezdey,* Civil Action No. 12-11486-RWZ, 2013 WL 704475, at *5 (D. Mass. Feb. 26, 2013)).  Because Plaintiff's case arises under 42 USC § 1983, the statute of limitations, determined by local law, *see Morris v. Gov't Dev. Bank*, 27 F.3d 746, 748 (1st Cir. 1994), is three years.  *See Poirier v. Mass. Dep't of Corrs.*, 186 F. Supp. 3d 66, 69 (D. Mass. 2016).  According to the amended complaint, Plaintiff left her employment in March 2021 (Dkt. No. 12 ¶ 12).  If that is the case, her claims may be time-barred even if the case is dismissed without prejudice.

Plaintiff has provided an adequate explanation for the delay in prosecution and good cause for the delay in service of process.  Consequently, Plaintiff's motion to avoid dismissal is granted and the deadline for service of process is extended, nunc pro tunc, to March 22, 2024.

IV.   Conclusion

For the foregoing reasons, Plaintiff's motion to avoid dismissal under L.R., D. Mass. 41.1 (Dkt. No. 9) is granted and the deadline for service of process is extended, nunc pro tunc, to March 22, 2024.

It is so ordered.

Date:  April 23, 2024            /s/ Katherine A. Robertson
                                 KATHERINE A. ROBERTSON
                                 United States Magistrate Judge